IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LONGNECKER REAL ESTATE, LTD., | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 20-1685 |
| KARLA TESSMER JONES, | § § § | |
| Defendant. | § | |

## NOTICE OF REMOVAL

Defendant Karla Tessmer Jones ("Defendant") files this Notice of Removal (the "Notice") and respectfully shows the Court the following:

### I.   BACKGROUND

1. April 9, 2020, Plaintiff Longnecker Real Estate, Ltd. ("Plaintiff"), filed its Original Petition (the "Petition") against Defendant in the 334th Judicial District Court of Harris County, Texas (the "State Court") styled *Longnecker Real Estate, Ltd. v. Karla Tessmer Jones; Cause No. 202022719- 7.*

2. The Petition purports to state claims against Defendant for violation of the Texas Securities Act, Section 27.01 of TX Bus. Com Code, and fraud.

3. Pursuant to 28 U.S.C. § 1446(a) and Local Rule 81, a copy of the State Court Record is attached, which includes:

- Exhibit A: an index of all documents;

- Exhibit A-1: a copy of the Docket Sheet from the 334th District Court of Harris County, Texas, Case No. 202022719-7;

- Exhibit A-2: a copy of Plaintiff's Original Petition;

- Exhibit A-3: a copy of Exhibit A to Plaintiff's Original Petition;

- Exhibit A-4: a copy of Exhibit B to Plaintiff's Original Petition;

- Exhibit A-5: a copy of the Notice of Intention to Take Deposition by Written Questions [Mark S. Moskowitz];

- Exhibit A-6: a copy of the Notice of Intention to Take Deposition by Written Questions [David Max Hultgren];

- Exhibit A-7: a copy of the Notice of Intention to Take Deposition by Written Questions [Randy Weiss];

- Exhibit A-8: a copy of the Return of Service of Citation to Karla Tesmmer Jones; and

- Exhibit A-9: a list of counsel of record.

4. There are no motions currently pending before the Harris County District Court in this matter. Plaintiff did not include a demand for a jury in its Petition.

5. This Court has original diversity jurisdiction under 28 U.S.C. § 1332(A)(2)-(3) and 28 U.S.C. § 1441(a).

6. Under 28 U.S.C. § 1446(a), venue of the removed action is proper in this Court as it is the district and division within which the State Court Action is pending.[1]

## II. TIMLINESS OF REMOVAL

7. This Notice is timely under 28 U.S.C. § 1446(b). It is filed within 30 days after the receipt by Defendant of a copy of Plaintiff's Original Petition. Plaintiff filed its Return of Service of Citation on May 11, 2020. Exhibit A-8. In the Affidavit of Delivery, the Citation and copy of Plaintiff's Original Petition with Exhibits A and B were delivered to Defendant via

---

[1] Defendant reserves the right, and intends to, object to this Court's personal jurisdiction over her.

certified mail, return receipt requested on April 18, 2020[2]; thus, Defendant is timely removing this case to the United States District Court for the Southern District of Texas.

8. Under 28 U.S.C. § 1446(a), the United States District Court for the Southern District of Texas, Houston Division (this "Court") is the appropriate court for filing this Notice of Removal from the 334th District Court of Harris County, Texas, because this Court is in the district and division within which the Action is currently pending. 28 U.S.C. § 124(b)(2).

### III.  JURISDICTIONAL BASIS FOR REMOVAL

9. The district court of the United States has original jurisdiction over this action because there is complete diversity of citizenship between the parties and the matter in controversy exceeds the sum or value of $75,000.00 exclusive of interest and costs. 28 U.S.C. § 1332(a)(2)-(3).

**A.  The amount in controversy requirement is satisfied.**

10. It is apparent from the face of the Petition that Plaintiff seeks recovery of an amount in excess of $390,000, exclusive of interest and costs. Exhibit A-2, p. 3, ¶ 8.

11. The allegations regarding damages in the Petition are sufficient to demonstrate that the amount in controversy requirement for diversity jurisdiction has been met. 28 U.S.C. § 1446(c)(2).

**B.  Complete diversity of citizenship exists between Plaintiff and Defendant.**

12. Plaintiff is a Texas corporation. Exhibit A-2, p. 1, ¶ 2. Moreover, Plaintiff's principal place of business is located in Harris County, Texas. *Id.*; s*ee also* Exhibit B, Texas Franchise Tax Public Information Report. Thus, Plaintiff is a Texas citizen for purposes of diversity jurisdiction. 28 U.S.C. § 1332(c)(l) ("[A] corporation shall be deemed to be a citizen of

---

[2] The Affidavit of Delivery acknowledges that Plaintiff never received the "green card" demonstrating Defendant's receipt of the Citation and copy of Plaintiff's Original Petition with Exhibits A and B. Accordingly, Plaintiff has not perfected service upon Defendant as required by Tex. R. Civ. P. 501.3(c).

every State ... by which it has been incorporated and of the State ... where it has a principal place of business ....").

13. Defendant is an individual residing in Fort Collins, Colorado, as she is domiciled in Fort Collins, Colorado. Exhibit A-2, p. 1 at ¶ 3.

14. Accordingly, complete diversity of citizenship exists between the parties to the Action.

## IV. DEFENDANT HAS OTHERWISE COMPLIED WITH THIS COURT'S REMOVAL PROCEDURES

15. Pursuant to Local Rule 3, a Civil Cover Sheet is attached as Exhibit C. Moreover, Defendant avers that, to the best of her knowledge, there are no Related Cases, as that term is defined by Local Rule 5.2.

16. Written notice of the filing of this Notice of Removal will be given to Plaintiff and the 334th District Court of Harris County, Texas promptly after the filing of the Notice of Removal pursuant to 28 U.S.C. § 1446(d).

## V. RESERVATION OF RIGHTS

17. Defendant reserves the right to amend or supplement this Notice of Removal.

18. Defendant reserves all defenses, including, without limitation, those set forth in Federal Rule of Civil Procedure 12(b).

## PRAYER

WHEREFORE, Defendant Karla Tessmer Jones hereby requests removal of the case styled *Longnecker Real Estate, Ltd. v. Karla Tessmer Jones;* Cause No. 202022719- 7, and respectfully requests that this Court assume full jurisdiction of this proceeding for all purposes as if originally filed in this Court including, but not limited to, issuing any orders necessary to stay

proceedings in the State Court Action, and for all other relief to which Defendant may be justly entitled.

Respectfully submitted,

**SHAPIRO BIEGING BARBER OTTESON LLP**

By: */s/ John C. Leininger*
Kevin T. Schutte
Texas Bar No. 24033050
kschutte@sbbolaw.com
John C. Leininger
Texas Bar No. 24007544
jcl@sbbolaw.com
William P. Dunne III
Texas Bar No. 24097631
wdunne@sbbolaw.com

5430 Lyndon B Johnson Freeway, Suite 1540
Dallas, Texas 75240
Telephone: (214) 377-0149

**ATTORNEYS FOR KARLA TESSMER JONES**

<u>**CERTIFICATE OF SERVICE**</u>

I certify that a true and correct copy of the Notice was forwarded to all counsel of record via ECF notification on this the 13th day of May, 2020.

*/s/ John C. Leininger*
John C. Leininger