4/9/2020 5:24 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 42235539
By: Adiliani Solis
Filed: 4/9/2020 5:24 PM

CAUSE NO. _____

| | | |
|---|---|---|
| LONGNECKER REAL ESTATE, LTD. | § § | IN THE DISTRICT COURT |
| Plaintiff, | § § | |
| v. | § § | ___ JUDICIAL DISTRICT |
| KARLA TESSMER JONES | § § | |
| Defendant. | § § | HARRIS COUNTY, TEXAS |

## PLAINTIFF'S ORIGINAL PETITION

Plaintiff Longnecker Real Estate, Ltd. ("Plaintiff") files this Original Petition (the "Petition") complaining of Karla Tessmer Jones ("Defendant") and would respectfully show this Court as follows:

## I.
## DISCOVERY CONTROL PLAN

1. Discovery is intended to be conducted under Level 2 of the Texas Rules of Civil Procedure 190.3.

## II.
## PARTIES

2. Plaintiff is a Texas limited partnership with its principal place of business located in Harris County, Texas.

3. Defendant Karla Tessmer Jones is an individual residing at 3213 Shore Rd., Ft. Collins, CO 80524-1687 and may be served with process at that address by certified mail, or wherever else she may be found.

PLAINTIFF'S ORIGINAL PETITION –   Page 1

## III.
## JURISDICTION AND VENUE

4. The amount in controversy at issue with respect to the causes of action set forth herein is within the jurisdictional limits of this Court.

5. Venue is proper in Harris County, Texas, because Harris County is where all or a substantial part of the events giving rise to Plaintiff's claim occurred. Defendant purposefully and specifically communicated false representations to Texas resident Plaintiff knowing the communications were directed to a Texas resident in Texas. The communications violated the Texas Securities Act, the Fraud in a Real Estate Transaction statute, and other Texas laws. The Texas Securities Act and other Texas laws protect Texas residents from conduct directed at them. Both jurisdiction in Texas and venue in Harris County, Texas are proper for this reason.

## IV.
## FACTS

6. Defendant Karla Tessmer Jones works to attract persons or entities to buy interests in vacation homes and she sells interest in vacation homes through purchase and ownership of membership interests or shares in limited liability companies that own such homes.

7. Among other ventures, Karla Tessmer Jones made material representations to sell Plaintiff an interest in a Colorado limited liability company called Lifestyle 30-A, LLC (the "LLC"), which owns a home at 33 Sand Hill Circle in Watercolor, Santa Rosa Beach, Florida (the "Home").

8. Based on the material misrepresentations of Karla Tessmer Jones, Plaintiff purchased one share of what were represented to be eight ownership shares in the LLC for the price of $390,000.00.

9. To induce the purchase by Plaintiff, Karla Tessmer Jones made a series of false representations directed at Plaintiff and its owners, Brent and Shelly Longnecker.

10. Directing phone calls and email communications to Plaintiff in Texas, Defendant represented all of the following material representations, which were false at the time made:

11. Karla Tessmer Jones represented that the LLC was "fully subscribed." *See* Ex. A.

12. Karla Tessmer Jones represented that through a tragedy a new "widow" wanted to sell. *See* Ex. A.

13. Defendant represented that as a result of the tragedy the new widow created a "resale availability" who needed to "transfer their LLC interest to another interested party." *See* Ex. A.

14. Karla Tessmer Jones wanted "to help them with that." *See* Ex. A.

15. Karla Tessmer Jones represented the LLC had "8 shareholders." *See* Ex. A.

16. Karla Tessmer Jones in a later email represented that the Manager of the LLC, a company known as Lifestyle Asset Group did not have any ownership in the LLC. Specifically, Defendant represented that "Lifestyle Asset Group has not ownership interest in any of the various LLC's" and "The investors in the LLC's hold 100% of the owner interest." *See* Ex. B.

17. Defendant further represented that that the LLC purchased the Home and "paid all in cash." Karla Tessmer Jones failed to disclosed that a series of side deals and promissory notes existed related to the LLC. *See* Ex. B.

18. Karla Tessmer Jones further represented that "We have had no litigation involving a shareholder and their rights and equity interests as an LLC member" even though the property had been embroiled in litigation. *See* Ex. B.

19. All of the foregoing representations were material and designed to induce Plaintiff into agreeing to purchase an LLC share.

20. All of the foregoing representations were false when made. Since that time and during Plaintiff's ownership of its unit in the LLC, Plaintiff has learned (i) that the share it purchased was not a resale from a widow; (ii) that the LLC or entities or persons affiliated with it have undisclosed side agreements including promissory notes, (iii) that there are more than 8 shares using the property, (iv) that LAG purports to own a Member interest through a secret side deal with a lender and that other secret deals exit with respect to the LLC (v) that the LLC used seller financing to pay for the Home, and (iv) litigation ensued as a result of the LLC default on seller financing and individual shareholders of the LLC were sued personally.

21. In an effort to induce Plaintiff to invest in the LLC, Defendant made all of these misrepresentations of material fact regarding the LLC, the Home and the nature of the share of the LLC purchased by Plaintiff.

## V.
## CAUSES OF ACTION
## VIOLATION OF THE TEXAS SECURITIES ACT

22. Plaintiff incorporates all preceding paragraphs as if fully set forth here.

23. Plaintiff's shareholder interest in the LLC (the "Share") is securities regulated by Texas law and as that term is defined in Tex. Rev. Civ. Art. 581-4(A).

24. Plaintiff invested $390,000.00 to purchase the Share.

25. To induce plaintiff to purchase the Share, Defendant Karla Tessmer Jones made a series of misrepresentations of material facts regarding the Share, the LLC and the Home.

26. Plaintiff relied on false representations of Karla Tessmer Jones to decide whether to purchase the Share.

27. The false representations induced the purchase of the Share.

28. Defendant Karla Tessmer Jones's representations violated the Texas Securities Act.

29. Plaintiff is entitled to recession of its investment in the LLC.

30. Plaintiff is entitled to actual damages.

31. Plaintiff is entitled to punitive or exemplary damages.

## Second Cause of Action
## Fraud

1. Plaintiff incorporates all preceding paragraphs as if fully set forth here.

2. Under Texas law, the elements of common law fraud are: (1) a material representation that was false made by the defendant; (2) the defendant knew the representation was false or made it recklessly as a positive assertion without any knowledge of its truth (3) the Defendant intended to induce the plaintiff to act upon the representation; and (4) the Plaintiff actually and justifiably relied on the representation and thereby suffered injury. *Ernst & Young, L.L.P. v Pacific Mut. Life Ins. Co.*, 51S.W. 3d 573, 577 (Tex. 2001).

3. Defendant Karla Tessmer Jones made material representations, that were false, to induce Plaintiff to purchase a Share of the LLC and Plaintiff replied upon those representations in deciding to purchase the Share. Defendant Karla Tessmer Jones made her misrepresentations regarding the Share, the LLC and the Home, knowing they were false and as a positive assertion without any knowledge of its truth.

4. Due to the fraudulent conduct by Defendant, Plaintiff is entitled to recession of its investment in the LLC.

5. Plaintiff is entitled to actual damages.

6. Plaintiff is entitled to punitive or exemplary damages.

## THIRD CAUSE OF ACTION
## TX BUS. & COM CODE 27.01

1. Plaintiff incorporates all preceding paragraphs as if fully set forth here.

2. Section 27.01 of the Texas Business and Commerce Code provides a statutory cause of action for fraud in a real estate transaction. Such fraud occurs if: (1) a person makes a false representation of a past or existing material fact in a real estate transaction to another person for the purpose of inducing the making of a contract; and (2) the false representation is relied on by the person entering into the contract.

3. Defendant Karla Tessmer Jones made material representations, that were false, to induce Plaintiff to purchase a Share of the LLC, which owns the Home as real estate, and Plaintiff replied upon those representations in deciding to purchase the Share. Defendant Karla Tessmer Jones made her misrepresentations regarding the Share, the LLC and the Home, knowing they were false and as a positive assertation without any knowledge of its truth.

4. Due to the fraudulent conduct by Defendant, Plaintiff is entitled to recession of its investment in the LLC.

5. Plaintiff is entitled to actual damages.

6. Plaintiff is entitled to punitive or exemplary damages.

### FOURTH CAUSE OF ACTION
### ATTORNEYS' FEES

1. Plaintiff incorporates all preceding paragraphs as if fully set forth here.

2. Due to Defendant's actions in violation of the TSA, Plaintiff is entitled to recovery its attorneys' fees pursuant to Tex. Rev. Civ. Stat. 581-33(D)(7) and 27.01 of the Texas Business and Commerce Code.

3.  Accordingly, Plaintiff seeks recovery of all reasonable and necessary attorneys' fees incurred as a result of Defendant's wrongful conduct.

## VI.
## RULE 47 STATEMENT

4.  Plaintiff seeks monetary relief of under $1,000,000.00 from Defendants.

## VII.
## PRAYER

Plaintiff requests that Defendant Karla Tessmer Jones be cited to appear and answer and that, on final hearing, Plaintiff have:

1.  A judgement against Defendant for no less than $390,000.00;
2.  A judgment against Defendant for violation of the TSA;
3.  A judgment against Defendant for violations of Section 27.01 of the Texas Business and Commerce Code;
4.  Exemplary or punitive damages;
5.  Pre-judgment interest as provided by law;
6.  Post-judgment interest as provided by law;
7.  Reasonable and necessary attorneys' fees;
8.  Cost of suit; and
9.  Such other and further relief to which Plaintiff may be justly entitled.

Respectfully submitted,

**CRAMER WEATHERBIE RICHARDSON OLIVER, LLP**

_/s/ David Richardson_
David Richardson
State Bar No. 00794525
2301 S. Capitol of Texas Hwy, Bldg. J-102,
Austin, Texas 78746
512.732.2657 (T)
drichardson@cwrolaw.com
ATTORNEYS FOR PLAINTIFF